FILED

SEP 08 2023

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Margaritaville Enterprises, LLC, a Delaware Limited Liability Company, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) ) |
| The Individuals and Entities associated with the domains in **Exhibit A**. | ) ) ) |
| *Defendants.* | ) ) ) ) |

**1:23-cv-08189**
**Judge Thomas M. Durkin**
**Magistrate Judge David Weisman**
**Random Assignment**

**FILED UNDER SEAL**

## COMPLAINT

Plaintiff Margaritaville Enterprises, LLC ("Plaintiff" or "Margaritaville"), by its attorneys, brings this action to enjoin the Individuals and Entities associated with the domains in **Exhibit A** (individually and collectively referred to as "Defendants") from offering for sale, selling, advertising, and promoting goods that infringe Margaritaville's valuable trademarks.

## NATURE OF ACTION

1. This is an action for trademark infringement, counterfeiting, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, et seq., and for trademark infringement under the common law of Illinois.

## PARTIES

2. Plaintiff Margaritaville is a Delaware limited liability company with a principal place of business at 256 Worth Avenue, Suite Q-R, Palm Beach, Florida 33480. Margaritaville is the successor-in-interest to trademarks used and registered by Jimmy Buffett.

3. On information and belief, Defendants are as-of-yet-unidentified individuals and/or entities who created, registered, own, operate and/or use the domain names set forth in

1

Exhibit A.

4.      On information and belief, the Defendants trade on Margaritaville's goodwill and sell and/or offer for sale unauthorized products that infringe Margaritaville's trademarks through various online retail websites hosted on the domain names set forth in Exhibit A.

5.      On information and belief, the Defendants are foreign individuals and/or entities who do not reside in the United States.

## DOMAIN NAME REGISTRAR AND REGISTRY

6.      The following domains are registered with Alibaba Cloud Computing Ltd d/b/a HiChina (www.net.cn), which is located in China:

| |
|---|
| Whitecloths.com |
| Lnrsubmit.com |
| Assessmeny.com |
| Garodenia.com |
| Facultyan.com |
| Cashmeretribe.com |
| Supersonie.com |

7.      Each of those domains have the same Mail Exchange (MX) IP Address: 47.254.92.90.

8.      Because each of the above domains is a .com domain, the registry for the domains at issue is VeriSign, Inc., a Delaware Corporation, having a principal place of business at 12061 Bluemont Way, Reston, Virginia 20190.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331, 1337, and 1338(a) and (b), because the claims address federal questions concerning the Lanham Act, trademark infringement of federal registered trademarks pursuant to 15 U.S.C. § 1114, and federal unfair competition pursuant to 15 U.S.C. § 1125(a).

2

10.    This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

11.    This Court has personal jurisdiction over Defendants because Margaritaville's claims for trademark infringement, counterfeiting and unfair competition arise from acts conducted and harm sustained in the State of Illinois. Defendants directly target consumers in the United States, including in Illinois. Specifically, Defendants are using the websites hosted on the domain names set forth in Exhibit A to offer for sale and sell infringing and counterfeit merchandise. Each of the Defendants is committing tortious acts directed at Illinois, is engaging in interstate commerce, and has wrongfully caused Margaritaville harm in the State of Illinois.

12.    Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which give rise to the claim occurred in this District. Particularly, Defendants are targeting consumers nationwide, including consumers in this District.

13.    Alternatively, venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(3), because the unlawful conduct carried out by individuals based in foreign countries. As alleged above, the Defendants are all likely based in a foreign country. Accordingly, there is no judicial district in which this action can otherwise be brought for purposes of venue.

14.    Venue is also proper in this Judicial District under 15 U.S.C. § 1125(d)(2) because Verisign, the registry of Defendants' domain names, is in this judicial district.

## FACTUAL BACKGROUND

15.    Jimmy Buffett was a beloved American singer-songwriter and businessman who regaled audiences for decades with songs about the faces and places he'd seen during his lifetime

3

along the road less travelled.

16.     Buffett was known for his tropical rock music, which often portrays a lifestyle described as "island escapism."

17.     Buffett recorded countless records, including some of the following hit songs:

- Margaritaville;

- It's Five O'Clock Somewhere;

- Songs of the Century;

- Come Monday;

- Fins;

- Volcano;

- A Pirate Looks at Forty;

- Cheeseburger in Paradise;

- Why Don't We Get Drunk;

- Changes in Latitudes, Changes in Attitudes;

- Son of a Son of a Sailor; and

- Particular Harbour.

18.     Buffett has a devoted fan based, known as "Parrotheads."

19.     Buffett took advantage of the tropical "island escapism" lifestyle that fans of his music sought by launching several business ventures that embodied that type of lifestyle.

20.     Among those business ventures is Jimmy Buffett's Margaritaville, a hospitality company that manages and franchises the "Margaritaville" and "Air Margaritaville" chain restaurants. There are currently twenty-eight (28) Margaritaville locations worldwide, as well as seven (7) "Air Margaritaville" locations at airports.

4

21.     Each Margaritaville location, as well as the Margaritaville website hosted at <margaritaville.com> offers for sale and sells goods with Jimmy Buffett's name, as well as song titles and song lyrics from Buffett's hit songs, such as "Margaritaville," "It's Five O'Clock Somewhere," and "Fins Up." Examples of the types of products sold at Margaritaville are shown below and attached as **Exhibit 1**:





22.    On September 1, 2023, Buffett passed away at 76 years old.

23.    Buffett's passing has been national news, with the State of Florida even ordering flags at half-staff in honor of Jimmy Buffett.

## PLAINTIFF'S VALUABLE TRADEMARK RIGHTS

24.    Over the past several decades, Plaintiff and its predecessors-in-interest have used the MARGARITAVILLE, JIMMY BUFFETT'S, IT'S FIVE O'CLOCK SOMEWHERE and FINS UP trademarks, both alone and in combination with other words and designs, including Jimmy Buffett's name, in connection with retail stores, online retail stores, and a wide array of

6

merchandise in the nature of clothing, headwear, books, décor, beverage wear, and printed materials (the "JIMMY BUFFETT Marks").

25. In addition to extremely strong common law rights in the JIMMY BUFFETT Marks, Plaintiff owns multiple trademark registrations for the MARGARITAVILLE, JIMMY BUFFETT'S, IT'S FIVE O'CLOCK SOMEWHERE and FINS UP marks with the United States Patent and Trademark Office ("USPTO"), many of which have achieved incontestable status, including:

| Mark/Name | Reg. No. | Reg. Date | Relevant Goods/Services |
|---|---|---|---|
| IT'S FIVE O'CLOCK SOMEWHERE | 3939868 | April 5, 2011 | (Int'l Class: 25)<br>Shirts, T-shirts |
| IT'S 5 O'CLOCK SOMEWHERE | 3942996 | April 12, 2011 | (Int'l Class: 21)<br>Beverage glassware |
| IT'S FIVE O'CLOCK SOMEWHERE | 5311732 | October 17, 2017 | (Int'l Class: 21)<br>Insulating sleeve holders for jars, bottles or cans |
| IT'S FIVE O'CLOCK SOMEWHERE | 4597391 | September 2, 2014 | Int'l Class: 16)<br>Paper goods and printed matter, namely, stickers, decals |
| JIMMY BUFFETT'S | 2201541 | November 3, 1998 | (Int'l Class: 09)<br>mouse pads, decorative magnets<br>(Int'l Class: 21)<br>beverageware, portable beverage coolers in the nature of drink can huggers and individual bottle coolers<br>(Int'l Class: 24)<br>towels, cloth novelty flags<br>(Int'l Class: 25)<br>headwear, T-shirts,<br>(Int'l Class: 35)<br>retail store services featuring a wide array of merchandise in the nature |

| Mark/Name | Reg. No. | Reg. Date | Relevant Goods/Services |
|---|---|---|---|
| | | | of novelty items, souvenirs, clothing, headwear, books, recordings, beverageware and printed materials; on-line ordering services via a global computer network, featuring a wide array of merchandise in the nature of novelty items, souvenirs, clothing, headwear, books, recordings, beverageware and printed materials |
| JIMMY BUFFETT'S MARGARITAVILLE | 3117265 | July 18, 2006 | (Int'l Class: 21) Foam drink holders; portable coolers; beverage glassware; mugs; bottles, sold empty, namely water bottles; salt shakers |
| JIMMY BUFFETT'S MARGARITAVILLE | 3192542 | January 2, 2007 | Int'l Class: 25 (Int'l Class: 25) Shirts, T-shirts, sweatshirts, tank tops, jackets, caps |
| JIMMY BUFFETT'S MARGARITAVILLE and Design  | 3117269 | July 18, 2006 | (Int'l Class: 21) Beverage glassware, mugs, foam drink holders; portable coolers; bottles, sold empty, namely water bottles |
| JIMMY BUFFETT'S MARGARITAVILLE and Design  | 3192551 | January 2, 2007 | (Int'l Class: 35) Retail stores, featuring a wide array of merchandise in the nature of novelty items, souvenirs, clothing, headwear, books, recordings, beverageware, and printed material |
| JIMMY BUFFETT'S MARGARITAVILLE | 3192548 | January 2, 2007 | (Int'l Class: 25) Shirts, T-shirts, tank tops, sweat |

8

| Mark/Name | Reg. No. | Reg. Date | Relevant Goods/Services |
|---|---|---|---|
| and Design  | | | shirts, headwear |
| JIMMY BUFFETT'S MARGARITAVILLE | 3120801 | July 25, 2006 | (Int'l Class: 35) Retail stores, on-line stores and mail order catalogs featuring a wide array of merchandise in the nature of novelty items, souvenirs, clothing, headwear, books, recordings, beverageware, and printed materials |
| MARGARITAVILLE | 4415098 | October 8, 2013 | (Int'l Class: 09) Eyewear, sunglasses, cases for eyeglasses and sunglasses |
| MARGARITAVILLE | 4597426 | September 2, 2014 | (Int'l Class: 25) Men's, women's, children's clothing, namely, fleece pullovers, active wear, namely, jogging outfits; outer wear, namely, jackets, surf wear, loungewear, sleepwear, and infantwear; athletic apparel, namely, shirts, pants, shorts, jackets |
| MARGARITAVILLE | 4937851 | April 12, 2016 | (Int'l Class: 21) Insulating sleeve holders for jars, bottles or cans |
| FINS UP | 5313066 | October 17, 2017 | (Int'l Class: 25) Clothing, namely, shirts |
| FINS UP | 6086412 | June 23, 2020 | (Int'l Class: 25) Headwear; Shirts; Sweatshirts |
| FINS UP | 3765495 | March 23, 2010 | (Int'l Class: 25) |

9

| Mark/Name | Reg. No. | Reg. Date | Relevant Goods/Services |
|---|---|---|---|
| | | | shirts |

26.     Copies of the registration certificates for the JIMMY BUFFETT Marks referenced above are attached as **Exhibit 2**.

## DEFENDANTS' WRONGFUL CONDUCT

27.     In the wake of Jimmy Buffett's recent passing, Defendants are unlawfully capitalizing off Mr. Buffett's name and goodwill, by offering for sale and selling infringing and counterfeit merchandise on Defendants' websites featuring the JIMMY BUFFETT Marks.

28.     Plaintiff has detected a cluster of websites, which appear related to one another, that are being hosted at the following domain names:

| |
|---|
| Whitecloths.com |
| Lnrsubmit.com |
| Assessmeny.com |
| Garodenia.com |
| Facultyan.com |
| Cashmeretribe.com |
| Supersonie.com |

(the "Infringing Websites"). Copies of the WhoIs reports for the domains hosting the Infringing Websites is attached as **Exhibits 3-9**.

29.     On six of the Infringing Websites, Defendants have dedicated "Jimmy Buffett" and/or "Remembering Jimmy Buffett" pages, which are offering for sale various types of clothing and headwear:















30.     On each of the Infringing Websites, Defendants are using marks that are identical to or substantially indistinguishable from the JIMMY BUFFETT Marks ("the Counterfeit Marks") to falsely suggest that their goods are authorized by, sponsored by, or associated with Plaintiff.

31.     Specifically, Defendants are using the Counterfeit Marks on several different types of clothing and headwear (the "Infringing Products"), as shown below and attached as **Exhibits 10-15**:



Lnrsubmit.com



14

| | |
|---|---|
| Assessmeny.com |  |
| Garodenia.com | |
| Facultyan.com | |

Cashmeretribe.com



16



32. The above images are exemplary, not exhaustive.

33. The Infringing Products are being offered for sale by Defendants nationwide

through at least the Infringing Websites identified above.

    34. The Infringing Websites have features which suggest common control:

- They share common design elements including menu styles, header and footer design, and similar text descriptions, policies, and contact pages.

- Many of the Infringing Products offered for sale on these websites appear to be identical.

- Most of the websites appear to have product categories which follow common trends, regardless of the stated purpose of the website. For example, whitecloths.com holds itself out to be a "Christian-based lifestyle brand," Supersonie.com holds itself out as an environmentally-friendly brand for women,

17

etc.

- Text and grammar errors are consistent across the websites (e.g., "We offer products that you might like and use, such as homes, clothing, accessories, etc." on the "about us" page).

35.    On information and belief, and based on the evidence of common control, as well as the common "trend" categories across the websites, these websites exist primarily to sell infringing products, while their "brand" is merely a cover story.

36.    On information and belief, and based on the evidence of common control, as well as the common "trend" categories across the websites, the sales from these websites are primarily infringing products, as opposed to the non-infringing products they purport to also sell.

37.    The Infringing Websites only provide an email address for contract information; they do not provide addresses in the United States, do not provide a corporate name and do not otherwise identify a real person in control.

38.    Defendants' use of the Counterfeit Marks is identical to and confusingly similar to the JIMMY BUFFETT Marks in appearance, sound, meaning and commercial impression.

39.    Defendants' use of the Counterfeit Marks falsely suggest that Defendants' goods have been authorized by Plaintiff.

40.    Defendants' use of the Counterfeit Marks is withing the permission or license of Plaintiff.

41.    Defendants' use of the Counterfeit Marks trade off the goodwill of the JIMMY BUFFETT Marks.

42.    Defendants' infringement has at all times been knowing and willful.

43.    Defendants were on constructive notice of the JIMMY BUFFETT Marks by virtue of their federal registrations.

44.    Defendants deliberately placed the Counterfeit Marks on their products and

18

offered for sale and sold those products online to consumers in the U.S. and in this District.

45.    Each Defendant is aware that Plaintiff has never authorized any of the Defendants to make any use of the JIMMY BUFFETT Marks.

46.    Each of the Defendants nevertheless use the Counterfeit Marks in associated with the same types of goods that Plaintiff's offers for sale and sells at Margaritaville and Air Margaritaville locations, as well as online at <margaritaville.com>.

47.    On information and belief, Defendants intentionally adopted the use of the Counterfeit Marks to create consumer confusion, to traffic off of Plaintiff's reputation and goodwill under the JIMMY BUFFETT Marks, and to capitalize off the recently passing of Jimmy Buffett.

48.    On information and belief, Defendants intend to continue using the Counterfeit Marks without the authorization of Plaintiff, thereby confusing consumers as to the source of the goods offered for sale by Defendants. As a result, Plaintiff will continue being damaged by Defendants' conduct.

## COUNT ONE

### (Federal Trademark Infringement – 15 U.S.C. § 1114)

49.    Plaintiff repeats and realleges each of the factual allegations contained in Paragraphs 1 through 48 if fully set forth herein.

50.    Plaintiff owns valid, federally registered trademarks for the JIMMY BUFFETT Marks for use with apparel, including headwear, T-shirts and other clothing in Class 25.

51.    The JIMMY BUFFETT Marks are inherently distinctive and have acquired further substantial distinctiveness and goodwill in the marketplace through Plaintiff's use of the JIMMY BUFFETT Marks in interstate commerce.

19

52.     Plaintiff has prior rights in the JIMMY BUFFETT Marks in connection with clothing and headwear in Class 25.

53.     Defendants have adopted designations that are identical to or indistinguishable from the JIMMY BUFFETT Marks.

54.     Defendants' use of confusingly similar marks constitutes infringement of Plaintiff's JIMMY BUFFETT Marks.

55.     Plaintiff has not control over the nature and quality of Defendants' product offered for sale under the Counterfeit Marks.

56.     Defendants' unauthorized use of Plaintiff's JIMMY BUFFETT Marks without Plaintiff's consent is willful and intentional

57.     On information and belief, Defendants have derived unlawful gains and profits from the infringing use of the JIMMY BUFFETT Marks.

58.     Defendants' aforesaid acts have caused, and unless the acts are restrained by this Court, will continue to cause great and irreparable injury to Plaintiff.

59.     Plaintiff has no remedy at law.

## COUNT TWO

### (Counterfeit of Registered Mark – 15 U.S.C. § 1114)

60.     Plaintiff repeats and realleges each of the factual allegations contained in Paragraphs 1 through 48 if fully set forth herein.

61.     Plaintiff owns valid, federally registered trademarks for the JIMMY BUFFETT Marks for use with apparel, including headwear, T-shirts and other clothing in Class 25.

62.     The JIMMY BUFFETT Marks are inherently distinctive and have acquired further substantial distinctiveness and goodwill in the marketplace through Plaintiff's use of the

20

JIMMY BUFFETT Marks in interstate commerce.

63.     Plaintiff has prior rights in the JIMMY BUFFETT Marks in connection with clothing and headwear in Class 25.

64.     Defendants have adopted designations that are identical to or indistinguishable from the JIMMY BUFFETT Marks.

65.     Defendants' use of confusingly similar marks constitutes counterfeiting of Plaintiff's JIMMY BUFFETT Marks.

66.     Plaintiff has not control over the nature and quality of Defendants' product offered for sale under the Counterfeit Marks.

67.     Defendants' unauthorized use of Plaintiff's JIMMY BUFFETT Marks without Plaintiff's consent is willful and intentional

68.     On information and belief, Defendants have derived unlawful gains and profits from the infringing use of the JIMMY BUFFETT Marks.

69.     Defendants' aforesaid acts have caused, and unless the acts are restrained by this Court, will continue to cause great and irreparable injury to Plaintiff.

70.     Plaintiff has no remedy at law.

## COUNT THREE

### (Federal Unfair Competition and False Designation of Origin and False and Misleading Representations – 15 U.S.C. § 1125(a))

71.     Plaintiff repeats and realleges each of the factual allegations contained in Paragraphs 1 through 48 if fully set forth herein.

72.     Defendants' actions, as described above, constitute use of a false designation of, or false representation, which wrongfully and falsely designates the origin of Defendants' goods

and related commercial activities as originating from or being approved by Plaintiff.

73.     Defendants' conduct is likely to cause confusion or mistake among the public as to the source and affiliation of Defendants' products.

74.     Plaintiff has not control over the nature and quality of Defendants' product offered for sale under the Counterfeit Marks.

75.     Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Plaintiff.

76.     Plaintiff has no adequate remedy at law.

## COUNT FOUR

### (Trademark Infringement – Illinois Common Law)

77.     Plaintiff repeats and realleges each of the factual allegations contained in Paragraphs 1 through 48 if fully set forth herein.

78.     Plaintiff has been using the JIMMY BUFFETT Marks in commerce with apparel, including clothing and headwear for several years and therefore owns common law trademark rights in the JIMMY BUFFETT Marks.

79.     The JIMMY BUFFETT Marks are inherently distinctive and have acquired further substantial distinctiveness and goodwill in the marketplace through Plaintiff's use of the JIMMY BUFFETT Marks in interstate commerce.

80.     Plaintiff has prior rights in the JIMMY BUFFETT Marks in connection with clothing and headwear.

81.     Defendants have adopted designations that are identical to or indistinguishable from the JIMMY BUFFETT Marks.

82.     Defendants' use of confusingly similar marks constitutes infringement of

22

Plaintiff's JIMMY BUFFETT Marks.

83.     Plaintiff has not control over the nature and quality of Defendants' product offered for sale under the Counterfeit Marks.

84.     Defendants' unauthorized use of Plaintiff's JIMMY BUFFETT Marks without Plaintiff's consent is willful and intentional

85.     On information and belief, Defendants have derived unlawful gains and profits from the infringing use of the JIMMY BUFFETT Marks.

86.     Defendants' aforesaid acts have caused, and unless the acts are restrained by this Court, will continue to cause great and irreparable injury to Plaintiff.

87.     Plaintiff has no remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Margaritaville Enterprises, LLC prays that the Court:

A.     Enter a judgment in favor of Plaintiff and against Defendants, jointly and severally, on all Counts alleged herein;

B.     Designate this action an exceptional case entitling Plaintiff to an award of its reasonable attorneys' fees incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

C.     Issue permanent injunctive relief against Defendants, and each of them, and their respective officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, enjoining and restraining them from:

> (i)     imitating, copying, or making any other infringing use of the JIMMY BUFFETT Marks;

> (ii)     manufacturing, producing, distributing, offering for distribution,

23

circulating, selling, offering for sale, advertising, importing, promoting, or displaying any simulation, reproduction, counterfeit, copy, or colorable imitation of the JIMMY BUFFETT Marks, or any mark confusingly similar thereto;

(iii)    using any false designation of origin or false description or statement that can or is likely to erroneously lead the trade or public or individuals to believe that any good has been provided, produced, distributed, offered for distribution, circulated, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Plaintiff, when such is not true in fact;

(iv)    engaging in any other activity constituting an infringement of the JIMMY BUFFETT Marks; and

(v)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above;

D.    Order Defendants, at their own expense to surrender all products and marketing, promotional, and advertising materials that bear or incorporate Defendants' Counterfeit Marks, or any mark confusingly similar to the JIMMY BUFFETT Marks, which have been manufactured, distributed, sold, or shipped by Defendants or on their behalf;

E.    Order Defendants to provide Plaintiff a full and complete accounting of all amounts due and owing to Plaintiff as a result of Defendants' unlawful activities;

F.    Order Defendants to pay the general, special, actual, and statutory damages of Plaintiff as follows:

       (i)     Plaintiff's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b) for Defendants' willful violation of the federally registered trademarks of Plaintiff; and

       (ii)    If Plaintiff so elects, statutory damages of up to $2,000,000 per counterfeit mark, per type of product sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c);

G.     Order Defendants to pay to Plaintiff both the costs of this action and reasonable attorneys' fees incurred by Plaintiff in prosecuting this action, pursuant to 15 U.S.C. § 1117(a);

H.     Award Plaintiff its prejudgment interest; and

I.     Award such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all triable issues raised by this Complaint.

DATED: September 8, 2023                 Respectfully submitted,

                        By:    /s/ Cameron M. Nelson
                               Cameron M. Nelson
                               Jacqueline Brousseau
                               Molly Carr
                               GREENBERG TRAURIG, LLP
                               77 West Wacker Drive, Suite 3100
                               Chicago, IL 60601
                               Telephone: (312) 456-8400

                               *Counsel for Plaintiff Margaritaville Enterprises, LLC*