UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------------------X

Margaritaville Enterprises, LLC, a Delaware Limited
Liability Company

                              Plaintiff,          Civil Action No.: 1:23-cv-8189

      -against-

Sonzea Trading Co., Limited, Suzhou Ruoxing Network Technology Co., Ltd., Jiangxi Dengshou Network Technology Co., Ltd., Shenzhen Jiayi E-Commerce Co., Ltd., Reyoe Technology Co., Ltd., Zero Miracle Network Limited, and the Individual and Entity associated with the domain <newevers.com>

                             Defendants.

------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## THE MOTION TO DISMISS BY THE
## NAMED ENTITY DEFENDANTS

Jacob Chen, Esq.
DGW Kramer LLP
45 Rockefeller Plaza, 20th Floor
New York, NY 10111

Defendants Sonzea Trading Co., Limited, Suzhou Ruoxing Network Technology Co., Ltd., Jiangxi Dengshuo Network Technology Co., Ltd., Shenzhen Jiayi E-Commerce Co., Ltd., Shenzhen Jiayi E-Commerce Co., Ltd., Reyoe Technology Co.,Ltd, and Zero-Miracle Network Limited (collectively the "Defendants") by and through their attorneys Jacob Chen and DGW Kramer LLP, submit this memorandum of law in support of their motion to dismiss.

## PRELIMINARY STATEMENT

The phrase "*it's five o'clock somewhere*" is a popular and generic saying rooted in the idea that 5:00 PM is traditionally when the workday ends and happy hour begins. It was a popular saying long before it was used by Jimmy Buffett and Alan Jackson. It remains a popular saying today.

Defendants bring this motion to dismiss, challenging Plaintiff's Lanham Act claims as to and against Defendants arising out of Defendants' alleged sales of goods and products containing the expression "it's five o'clock somewhere."

### I. THE PHRASE "IT'S 5 O'CLOCK SOMEWHERE" IS A COMMON EXPRESSION SUBJECT TO FAIR USE

Plaintiff's first three causes of actions against Defendants all arise out of the Lanham Act.

"In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Allant Group, Inc. v. Ascendes Corp.*, 231 F. Supp. 2d 772, 774 (N.D. Ill. 2002). However legal conclusions are *not* presumed to be true. *See e.g. Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014); *Saunders v. Hedrick*, No. 20 C 6835, 2021 U.S. Dist. LEXIS 131107, at *2 (N.D. Ill. July 14, 2021).

1

At its core, the "purpose of a trademark, whether federally registered or unregistered, is to designate the origin of goods" *TMT North America, Inc. v. Magic Touch GmbH*, 124 F.3d 876, 881 (7th Cir. 1997). The trademarks themselves "are not property rights" and are "only protectable to the extent that they identify a specific piece of property, the origin or quality of goods and services." *Sir Speedy, Inc. v. Matye*, No. 98 C 3762, 1998 U.S. Dist. LEXIS 11248, at *14 (N.D. Ill. July 16, 1998). Therefore to prove a Lanham Act violation of trademark infringement, Plaintiff "must demonstrate that: (1) it owns a valid and legally protectable mark; and (2) Defendants' use of the mark to identify goods or services causes a likelihood of confusion." *Chattanoga Mfg. v Nike, Inc.*, 140 F Supp 2d 917, 922 [ND Ill 2001].

In addition, under 15 U.S.C. § 1115(b)(4), a defendant in a trademark infringement action may invoke the fair use defense by demonstrating that the alleged infringement "is a use, otherwise than as a mark ... which is descriptive of and used fairly and in good faith only to describe the goods or services of such party."

Plaintiffs allege in the Amended Complaint to selling its products under a series of trademarks including the mark "It's 5 o'clock somewhere." (Dkt. 46, ¶31).

The phrase "It's 5 o'clock somewhere" is a common expression that long predated its use by Jimmy Buffett. For instance in 1995, the rock group Slash's Snakepit released its debut album "It's Five O'Clock Somewhere," going on tour to sold out shows. Jon Pareles, Pop Review; Offspring of Guns N' Roses Arrives, *N.Y. Times*, Apr. 15, 1995, https://www.nytimes.com/1995/04/15/arts/pop-review-offspring-of-guns-n-roses-arrives.html. This well-known phrase serves as a playful, slightly rebellious invitation to indulge, often in an alcoholic beverage, irrespective of the actual time of day. Rooted in the standard 9-to-5 work schedule that structures

2

much of American professional life, it humorously sidesteps the conventional notion that drinking is reserved for post-work hours. At its core, the expression embraces a spirit of liberation, subtly poking fun at the lingering puritanical attitudes toward alcohol consumption. By invoking the idea that somewhere in the world, the socially acceptable hour for drinking has already arrived, it offers a lighthearted justification for leisure, indulgence, and the breaking of mundane routine. Hence the common usage of this fun, and funny, phrase. *See e.g.* Florence Fabricant, Dining, From Fine to Casual, Where Gulf Breezes Blow, *N.Y. Times*, Jan. 23, 2005, https://www.nytimes.com/ 2005/01/23/travel/dining-from-fine-to-casual-where-gulf-breezes-blow.html; Colleen Mullaney, *It's 5 O'Clock Somewhere: The Global Guide to Fabulous Cocktails* (Sixth&Spring Books 2008); Bernadette W. Hoyle, *It's Five O'Clock Somewhere!: Mixed Drinks Around the World*, (self-published, Raleigh, N.C., 1973).

The phrase was *not* invented by Jimmy Buffett and was popular long before Jimmy Buffett used the phrase.

Courts have routinely found that usage of a "common phrase" is subject to fair use. In *Packman v. Chicago Tribune Co.*, 267 F.3d 628 (7th Cir. 2001), the plaintiff owned a trademark with respect to the phrase "joy of six" which is a playful twist on the phrase "joy of sex" and often used in sports in reference to the winning of a sixth championship. The Chicago Tribune printed the phrase in a banner headline and produced memorabilia including the headline. Plaintiff sued the newspaper for trademark infringement. The Seventh Circuit affirmed the district court's decision, granting summary judgment in favor of defendant on their fair use defense. The Seventh Circuit specifically upheld the fair use defense as "the wide and varied use of 'the joy of six' bars a conclusion that any association between the Tribune and the phrase is unique." *Id* at 640.

3

Similarly in *Humanly Possible, Inc. v. Manpower, Inc.*, No. 11 C 4977, 2013 U.S. Dist. LEXIS 23249, at *18 (N.D. Ill. Feb. 19, 2013), the Northern District of Illinois held that "humanly possible is a common phrase, not an unexpected combination of words" and for that reason found that there was no little likelihood of confusion through the defendant's use. As there was little likelihood of confusion, the District Court did not reach the issue of fair use.

In this case, Defendants' alleged use of the common phrase is a reference to a well-known cultural saying.

Many talented artists have used common phrases or expressions in their song lyrics and song titles. There is for instance "Shake It Off" by Taylor Swift or "Poker Face" by Lady Gaga to just name a handful. While these artists have every right to sell merchandise emblazoned with these words, they are not entitled to a monopolistic use of these phrases on attire.

To the extent that Plaintiff intends to argue that Defendants falsely suggested that their goods were authorized by, sponsored by, or were associated with Plaintiff, only *one* of the seven websites at issue described their goods as being "Jimmy Buffett's Margaritaville Authorized Products": whitecloths.com.[1] None of the other Defendants claim any association with Margaritaville or that their products originated from Margaritaville. With respect to Defendants Sonzea Trading, Jiangxi Dengshou, and Reyoe Technology, the *only* products they allegedly sold were products which contained the phrase "It's 5 o'clock somewhere."

---

[1] The only other defendant in this case which so advertised their products this way is newevers.com which is *not* one of the Defendants represented by the undersigned.

## II. PLAINTIFF'S CLAIMS OF INFRINGEMENT ARE AT CORE ROOTED IN COPYRIGHT AND NOT TRADEMARK

In addition, as discussed *supra*, a trademark is "not a property right, but an identifier" and it is only "protectable to the extent that they identify the origin or quality of goods and services." *Northwestern Corp. v. Gabriel Manufacturing Co.*, No. 95 C 2004, 1998 U.S. Dist. LEXIS 12763, at *11 (N.D. Ill. Aug. 14, 1998). By contrast, "[t]he unauthorized copying of a creative work is typically the province of copyright law." *Phoenix Entertainment, LLC v. Rumsey*, 829 F.3d 817 (7th Cir. 2016).

Plaintiff does *not* own a copyright covering any of the words, phrases or artworks allegedly used by Defendants, including to the phrase "It's 5 o'clock somewhere."

In *Phoenix Entertainment*, the defendant was accused of engaging in the unauthorized copying of plaintiff's karaoke tracks for use by their own business. However, it was undisputed that the plaintiff did not own the copyright with respect to their audio and visual arrangements. The plaintiff in *Phoenix Entertainment* theorized that "whenever someone copies one of its tracks onto a different medium, he or she is creating a distinct product that, when played, is being 'passed off' as a genuine Slep-Tone product." *Id* at 824. The Seventh Circuit disagreed. It noted that "the law of trademark cannot be invoked to assert what in fact is really a claim of copyright infringement." *Id* at 826. Although branded as a "trademark infringement" case, the reality of the situation was that the defendant sought to copy the *creative elements* of the plaintiff's work, the audio-visual arrangements, for use at defendant's pub.

Here, Plaintiff do not use the phrase "it's 5 o'clock somewhere" as a *mark* to designate the origin of Plaintiff's goods. Instead, Plaintiff emblazons it across an *entire t-shirt* as a creative graphic work of art specifically to evoke "tropical 'island escapism.'" (Dkt. 46, 5-7). Plaintiff's

5

creative works of art depicting the free flow of alcohol in a tropical paradise may be copyrightable works of art, and if successfully registered, may protect Plaintiff from the unauthorized infringement of said works of art for commercial purposes. However, Plaintiff does not allege to have any relevant copyrights, nor have they brought an action alleging copyright infringement.

## CONCLUSION

For these reasons, Defendants move to dismiss the Amended Complaint as to and against them with respect to any sales of merchandise displaying "Its 5 o'clock somewhere."

Dated: February 11, 2025
New York, New York

Respectfully Submitted,

By: /s/ Jacob Chen
Jacob Chen, Esq.
DGW KRAMER LLP
45 Rockefeller Plaza, 20th Floor
New York, NY 10111
Tel: (917) 983-2806
Fax: (917) 633-6183
Email: jchen@dgwllp.com

*Attorneys for Defendants Sonzea Trading Co., Limited, Suzhou Ruoxing Network Technology Co., Ltd., Jiangxi Dengshuo Network Technology Co., Ltd., Shenzhen Jiayi E-Commerce Co., Ltd., Shenzhen Jiayi E-Commerce Co., Ltd., Reyoe Technology Co., Ltd, and Zero-Miracle Network Limited*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing memorandum of law was served via United States District Court ECF System on February 11, 2025 to all counsel of record.

/s/ Jacob Chen