UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGARITAVILLE ENTERPRISES, LLC, | |
| Plaintiff, | No. 23 C 8189 |
| v. | Judge Thomas M. Durkin |
| SONZEA TRADING CO., LTD., SUZHOU RUOXING NETWORK TECHNOLOGY CO., LTD., JIANGXI DENGSHOU NETWORK TECHNOLOGY CO., LTD., SHENZHEN JIAYI E-COMMERCE CO., LTD., REYOE TECHNOLOGY CO., LTD., ZERO MIRACLE NETWORK LTD., and THE INDIVIDUAL AND ENTITY ASSOCIATED WITH THE DOMAIN <NEWEVERS.COM>, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Margaritaville Enterprises, LLC ("Plaintiff") brought this action alleging violations of the Lanham Act and Illinois common law in connection with the sale of products with Jimmy Buffett-related trademarks. Sonzea Trading Co., Ltd., Suzhou Ruoxing Network Technology Co., Ltd., Jiangxi Dengshuo Network Technology Co., Ltd., Shenzhen Jiayi E-Commerce Co., Ltd., Reyoe Technology Co., Ltd., and Zero-Miracle Network Ltd. ("Defendants") move to dismiss the claims arising out of alleged sales of "It's Five O'clock Somewhere" products pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 49. For the following reasons, that motion is denied.

1

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

**Background**

Plaintiff is the successor-in-interest to trademarks used and registered by American singer-songwriter and businessman Jimmy Buffett, who passed away in September 2023. R. 46 ¶¶ 2, 21, 28. Known for his "tropical rock music," Buffett recorded hit songs such as "Margaritaville" and "It's Five O'clock Somewhere" and

2

launched Jimmy Buffett's Margaritaville, a hospitality company that manages and franchises restaurants worldwide. *Id.* ¶¶ 22–26. Over the past several decades, Plaintiff and its predecessors-in-interest have used registered and common law "Margaritaville," "Jimmy Buffett's Margaritaville," "It's Five O'clock Somewhere," and "Fins Up" trademarks on a wide variety of merchandise sold at the Margaritaville restaurants and online. *Id.* ¶¶ 26, 27, 30, 31. Defendants sell apparel bearing those marks on several related websites. *Id.* ¶¶ 33–37. Plaintiff brings claims of trademark infringement and counterfeiting under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), and trademark infringement under Illinois common law.

## Discussion

Defendants argue that the Court should dismiss the claims arising out of the alleged sale of products with the "It's Five O'clock Somewhere" mark based on fair use. Fair use is an affirmative defense that "allows individuals to use otherwise trademarked language in a descriptive sense." *SportsFuel, Inc. v. PepsiCo, Inc.*, 932 F.3d 589, 595 (7th Cir. 2019). To prevail on the fair use defense, Defendants must show that: (1) they did not use "It's Five O'clock Somewhere" as a trademark; (2) the phrase is descriptive of their goods; and (3) they used the phrase fairly and in good faith. *Id.* (citations omitted). A plaintiff is not required to plead around an affirmative defense. Accordingly, dismissing a claim based on an affirmative defense "is appropriate only when the factual allegations in the complaint unambiguously establish all the elements of the defense." *S.C. Johnson & Son, Inc. v. Nutraceutical Corp.*, 835 F.3d 660, 666 (7th Cir. 2016).

3

Plaintiff's factual allegations do not establish the elements of a fair use defense. Instead, Plaintiff pleads facts undermining that defense. *See, e.g.*, R. 46 ¶¶ 34–35 (alleging and providing evidence that all but one of Defendants' interrelated websites have dedicated "Jimmy Buffett" or "Remembering Jimmy Buffett" webpages from which they sell the allegedly infringing products and that two of the webpages advertise "Jimmy Buffett's Margaritaville Authorized Products"). By the same token, determining whether the fair use defense applies involves issues of fact that cannot be resolved at the motion to dismiss stage. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d, 687, 690 (7th Cir. 2012) (emphasizing that the fair use defense "typically turn[s] on facts not before the court at [the motion to dismiss] stage"); *Sunmark Inc. v. Ocean Spray Cranberries, Inc.*, 64 F.3d 1055, 1058 (7th Cir. 1995) (whether a word is used as a description or as a mark is a factual question to be determined by district court). Therefore, dismissing the complaint based on the fair use defense is inappropriate. *See KTM AG v. Schedule A*, No. 24-CV-03278, 2025 WL 965130, at *2 (N.D. Ill. Mar. 31, 2025) (denying motion to dismiss based on fair use defense); *Trademark Rightsholder Identified in Exhibit 1 v. Individual, P'ships, & Unincorporated Ass'ns*, Identified on Schedule A, No. 23 C 16216, 2024 WL 4382195, at *2 (N.D. Ill. Oct. 2, 2024) (same).

Defendants separately argue that dismissal is appropriate because the federal claims related to the "It's Five O'clock Somewhere" mark are "rooted in copyright and not trademark." R. 49 at 6. As Defendants point out, "the law of trademark cannot be invoked to assert what in fact is really a claim of copyright infringement." *See Phoenix*

4

*Ent. Partners v. Rumsey*, 829 F.3d 817, 824 (7th Cir. 2016) (citing *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003)). To be actionable under the Lanham Act, a defendant's use of a mark must be likely to cause confusion about the source of the tangible goods it is selling. *Id.* at 821, 828–29. Here, the tangible goods are the apparel sold by Defendants. That apparel features the incontestable "It's Five O'clock Somewhere" trademark. Defendants sell that apparel on dedicated "Jimmy Buffett" webpages, several of which depict Jimmy Buffett and list "Jimmy Buffett's Margaritaville Authorized Products." What's more, Plaintiff sells the same types of apparel bearing the "It's Five O'clock Somewhere" mark. In short, Plaintiff plausibly alleges that Defendants' use of the mark is likely to leave consumers with the false impression that their apparel is produced or approved by Plaintiff. Such a claim undoubtedly sounds in trademark law. *Cf. Phoenix*, 829 F.3d at 831 ("[The defendants] are not alleged to have held out a tangible good sold in the marketplace as a Slep–Tone product. Consequently, the defendants' alleged conduct is not actionable as trademark infringement.").

## Conclusion

For the foregoing reasons, the Court denies Defendants' motion to dismiss.

ENTERED:

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: April 4, 2025

5